In Matter of Bryant Ward v. Thomas Tunstall et al.

---

# IN MATTER OF BRYANT WARD v. THOMAS TUNSTALL et al.

1. BANKRUPTCY. *Discharge in will not operate per se as an injunction on the State Supreme Court. When.* Proceedings in the Supreme Court can not be prevented by a plea, or suggestion and proof of a party's bankruptcy, who has been discharged since his appeal to this Court.

Cases cited: Bump on Bankruptcy, N. B., 377, p. 443; Swayne v. Longley, 4 Heis., 506.

---

## FROM DAVIDSON.

---

FREEMAN, J., delivered the opinion of the Court.

The facts as given in brief are, that' defendant, Thomas Tunstall, is dead, and the cause has been revived. Wm. Tunstall became the surety on the appeal from the Justice of the Peace to the Circuit Court. From the judgment rendered in the Circuit Court Wm. Tunstall has, since the appeal to this Court, been adjudged a bankrupt. It is asked on part of the bankrupt that he be allowed to file his plea, or take such steps as will relieve him from a judgment here. It is insisted that the proceedings in bankruptcy operate *per se* as an injunction on the State Courts.

The simple question is, whether we can, in this Court, on a plea of bankruptcy, since the case has been appealed here, allow the bankruptcy of the party

to be presented, either in the form of a plea, or on suggestion and proof of the facts, to defeat or prevent further proceedings.

The argument in favor of allowing such plea on the part of a defendant in this Court is based on the proposition, as stated above, that proceedings commenced in bankruptcy operate as an injunction on all State Courts *per se*. So far as this proposition goes to solve the question, we will examine it.

We are aware that a proposition has been laid down in several cases in the District Courts of the United States sitting in Bankruptcy. See *In. Re.* Rosenburg, 2d Bank's Reg., 81, and other cases which would seem to lead to this conclusion. But to this proposition we can not assent, either on sound principles, or on a fair construction of the Bankrupt Act of 1867.

The Federal Courts have power, by virtue of the power conferred in the Constitution on Federal Government, to pass laws providing for a uniform system of bankruptcy, and exclusive jurisdiction in the administration and execution of any law passed by Congress, to carry out this grant of power. It is clearly one of the express grants of power to the United States to pass such laws. It is equally clear that the Courts of that Government must construe and apply those laws, for the purpose of carrying out the power granted. But we do not see that this affects in any way the action or practice of the State Courts, without something more. Certainly they

are not required to take judicial notice of all proceedings in the Courts of the United States in matters of bankruptcy, and suspend all proceedings in cases pending before them, upon such knowledge.

Without laying down general propositions on the question, however, we look to the Bankrupt Act itself, and see if such is the requirement by its terms. Section 21 is mainly relied on in support of the view that a suit commenced before bankrupt proceedings is not to be proceeded in further, when proceedings have been commenced in Bankruptcy in Federal Courts. It is:—

"That no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained, shall be deemed discharged and surrendered thereby."

This Section does not apply to this case. The debt is not alleged to have been proven. The next clause of this Section is:—

"And no creditor whose debt is provable under this Act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined."

And the next clause provides "that any such suit or proceedings shall be stayed upon the application of the bankrupt, to await the determination of the

Court in Bankruptcy on the question of discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." And provided also, "that if the amount due the creditor is in dispute, the suit, by leave of the Court in Bankruptcy, may proceed to ·judgment, for the purpose of ascertaining the amount due, which amount may be proved in Bankruptcy, but execution shall be stayed as aforesaid."

It was held in the case of *World Company* v. *Brooks,* 3 Bank. R., 146, cited in Bump on Bank., N. B., 377, that this clause contemplates an application by the debtor for a stay of proceedings.

We think the true construction of the clause is, the creditor having proceedings pending in Bankruptcy is to apply to the Court where such proceeding is pending for such stay of proceeding as is authorized, and that Court shall make such order as may be deemed proper ˅for the protection of the bankrupt. Such is the idea conveyed in the clause, as shown by the language of the last proviso, allowing the suit to be prosecuted to judgment to ascertain the amount due, "by leave of the Court in Bankruptcy."

We do not say what would be the effect of the interposition of the plea of pending proceedings in Bankruptcy, interposed in a Court of inferior jurisdiction. We think, however, it would be a defence to the action, where the creditor was shown to be a party to the Bankrupt proceeding, and has proven his claim, as he ought not to be permitted to prose-

cute a suit in both forms, the one in the State Court
and the other in Bankrupt Court, for the same debt,
the bankrupt proceeding being one on the part of the
debtor against all his creditors who are notified, in
which he seeks a discharge, and they . . . so far
as proving their debt, and having a *pro rata* distribu-
tion of the assets of the bankrupt. We think, there-
fore, this section, taken altogether, only authorizes in
a case where the suit was commenced before the com-
mencement of bankrupt proceedings by the Bankrupt
Court, on application of the debtor, by the ordinary
injunctive power of that Court.

But another ground on which the case has been
presented is, that the bankrupt is, in the eye of the
law, dead, *civiliter mortuus.* This is a figurative
mode of expressing his status, sometimes used, but
this expresses only the fact, that by operation of law
his property of every kind is transferred to the as-
signee in bankruptcy, and is being administered for
distribution among his creditors. He is not, in fact,
dead, but lives, and may if he chooses, allow a judg-
ment to be rendered against him, even after a dis-
charge, and no one can object. He may plead his
discharge, and defeat it, when by the course of prac-
tice of the Court where he is sued, he stands in
condition to file such a plea, but the plea is one on
which an issue may be taken, and then he must sus-
tain it by the proper evidence, to-wit: the certificate
furnished him by Bankrupt Court, or it might be re-
plied, that the debt sued on was one of the excepted

class of debts exempted from the operation of the bankrupt law, or that the Court granting it had no jurisdiction. See cases cited in Bump on Bank., Notes, p. 443.

This being so, this Court would have a case originated here, on which evidence must be adduced and a trial had. Contrary to the well-established principle of its organization, that its jurisdiction is only appellate, and such as is strictly incidental to the exercise of such appellate jurisdiction. Such questions are appropriate to an inferior Court, but not to this tribunal. We have no statute that meets the case, and do not feel inclined to adopt a rule of practice that shall bring the investigation of such questions before us. The business of this Court is to revise the action of the inferior Courts; to examine the record of their proceedings, and see if there is or is not error in what they have done. If the record before us shows no action of the Court below on the question, then we can take no cognizance of it. It was so held in a case at Jackson, April Term, 1871, of *Longley* v. *Swayne,* where it was sought to abate the suit in this Court, by suggestion of bankruptcy of Longley, the plaintiff below, by suggesting his bankruptcy, but it was held that this Court would not look into the question. It is proper to say that the writer of this opinion took no part in that decision, having been of counsel for Longley in Court below.

The question is presented before us in briefs, as

In Matter of Bryant Ward *v.* Thomas Tunstall *et al.*

to what shall be the practice in case of bankruptcy of plaintiff after appeal to this Court, but as we have not the question before us on any statement of such case, we decide nothing in the case, farther. than has been said above. When an application to be substituted as plaintiff shall be presented by an assignee, we will consider the question.

As to the first question presented, it has been urged that we can render no judgment against the party defendant. On the record when presented, to which we can alone look, in our view of the case, a judgment can be rendered, and then if the debtor desires to be relieved, he will find no difficulty in being protected from payment of improper judgments, in Bankrupt Court or by an original proceeding in a State Court, where he can make such issues as will raise the question, and as he is precluded from interposing his defence from arising out of his bankruptcy, the judgment here will not interfere with his case in any way.